**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 97-20418
_____

In The Matter Of: DAVID J FELT,

Debtor

OFFICE OF THRIFT SUPERVISION,

Plaintiff-Appellee,

versus

DAVID J FELT,

Defendant-Appellant.

---

Appeal from the United States District Court
for the Southern District of Texas
(H-94-CV-3979)

---

March 1, 1999

Before JONES, SMITH, and EMILIO M. GARZA, Circuit Judges.[*]

EMILIO M. GARZA, Circuit Judge:

David J. Felt appeals the summary judgment entered against him *sua sponte* on the question of whether or not his violation of fiduciary duties under 11 U.S.C. § 523(a)(4) was willful. He argues that the district court erred because it did not give him ten days' notice before entering summary judgment *sua sponte*.

A district court possesses the power to enter summary judgment *sua sponte*. *See Celotex*

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

*Corp. v. Catrett,* 477 U.S. 317, 326, 106 S. Ct. 2548, 2554, 91 L. Ed. 2d 265, ___ (1986). However, it must give notice to the party against whom it intends to enter summary judgment *sua sponte* at least ten days before doing so. *See Nowlin v. Resolution Trust Corp.,* 33 F.3d 498, 504 (5th Cir. 1994); *see also Powell v. United States,* 849 F.2d 1576, 1579 (5th Cir. 1988) ("Since a summary judgment forecloses any future litigation of a case the district court must give proper notice to insure that the nonmoving party had the opportunity to make every possible legal and factual argument."). Any reasonable doubt about whether or not the district court gave proper notice must be resolved in favor of the losing party. *See NL Indus., Inc. v. GHR Energy Corp.,* 940 F.2d 957, 965 (5th Cir. 1991). "[W]e have vacated summary judgments and remanded for further proceedings where the district court provided no notice prior to granting summary judgment *sua sponte,* even where 'summary judgment may have been proper on the merits.'" *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit,* 28 F.3d 1388, 1398 (5th Cir. 1994) (citing *Judwin v. United States Fire Ins. Co.,* 973 F.2d 432, 437 (5th Cir. 1992)).

We excuse non-compliance with the ten-day notice requirement when it amounts to harmless error. *See Powell,* 849 F.2d at 1580-82. We find harmless error if the losing party admits that he has no additional evidence, or if we evaluate all of the losing party's additional evidence and find no genuine issue of material fact.[1] *See id.* at 1582.

After reviewing the record, we hold that the district court failed to give Felt ten days notice before entering summary judgment against him *sua sponte.* We further hold that this error was not

---

[1] We find harmless error based on an evaluation of the additional evidence only when the losing party has chosen to submit all of his additional evidence to the district court or to us. *See Nowlin v. Resolution Trust Corp.,* 33 F.3d 498, 505 (5th Cir. 1994) (finding harmless error when the losing party's additional evidence was insufficient to preclude summary judgment); *Resolution Trust Corp. v. Sharif-Munir-Davidson Dev. Corp.,* 992 F.2d 1398, 1403 (5th Cir. 1993) (finding harmless error when the losing party had submitted evidence to the district court after summary judgment was granted *sua sponte*); *Norman v. McCotter,* 765 F.2d 504, 508 (5th Cir. 1985) (finding harmless error where the losing party's affidavit, which "fully informed us of the factual issues he desired to raise," was insufficient to preclude summary judgment); *see also Powell v. United States,* 849 F.2d 1576, 1580, 1582 (5th Cir. 1988) (not finding harmless error when the losing party claimed that there was a genuine issue of material fact and had not submitted the additional evidence supporting his contention).

harmless. Felt reports having additional evidence that is sufficient for a reasonable fact-finder to find that he was not willful. He has not had a chance to submit all of his additional evidence; he says that only some of it is in the record. Accordingly, we reverse the summary judgment entered against Felt on the question of his willfulness, vacate the portion of the district court's final judgment declaring $1,492.410.00 of the $4,271,120.00 judgment entered against Felt in *Federal Home Loan Bank Board v. Felt*, Civil Action No. H-88-1204 (S.D. Tex. Jan. 9, 1991), nondischargeable in bankruptcy pursuant to § 523(a)(4), and remand for further proceedings consistent with this opinion.

Reversed in part, Vacated in part, and Remanded in part.